Brian H. Song, Esq. #188662
Briansong@SongLeeLaw.com
BHS LAW CORPORATION
2559 S. Bascom Avenue
CAMPBELL, CA 95008
TEL: (408)628-4257
FAX: (408)628-4258

Attorney for Plaintiff
Bhs Law LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

(San Jose Division)

| | |
|---|---|
| BRIAN H. SONG,<br><br>    Plaintiff,<br><br>    vs.<br><br>SAN JOSE WATER COMPANY; MICHAEL PAYNE; and DOES 1-50, inclusive,<br><br>    Defendants | **CASE NO.: 5:25-CV-10541**<br><br>CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF<br><br>**(1)** VIOLATION OF 42 U.S.C. § 1983 – PROCEDURAL DUE PROCESS<br><br>**(2)** VIOLATION OF 42 U.S.C. § 1983 – SUBSTANTIVE DUE PROCESS<br><br>**(3)** VIOLATION OF THE TOM BANE ACT (CAL. CIV. CODE § 52.1)<br><br>**(4)** NEGLIGENCE<br><br>**(5)** NEGLIGENT MISREPRESENTATION<br><br>**(6)** PROMISSORY ESTOPPEL<br><br>**(7)** INTENTIONAL INTERFERENCE WITH PROPERTY RIGHTS, AND<br><br>**(8)** TRESPASS TO PROPERTY INTEREST<br><br>**JURY TRIAL DEMANDED** |

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257; Fax:(408)628-4258

## I. INTRODUCTION

1.    This civil rights, class action, and tort complaint arises out of Defendants' systemic, unlawful, and arbitrary practices relating to the termination and threatened termination of water service under San Jose Water Company's ("SJWC") Cross-Connection Control Program.

2.    Plaintiff and the proposed Classes were subjected to identical and uniform practices, including:

      a.    water shutoff threats and terminations without constitutionally required notice;

      b.    enforcement based on repealed legal authority (Title 17);

      c.    misrepresentations about compliance deadlines;

      d.    inconsistent and arbitrary extension practices; and

      e.    termination of essential water service despite ongoing compliance.

3.    Plaintiff seeks damages, declaratory relief, injunctive relief, and certification of this action as a class action under Rules 23(b)(2) and 23(b)(3).

## II. JURISDICTION, VENUE, & DIVISION

4.    This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 1983.

5.    The Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

6.    Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to the claims occurred in Santa Clara County, within the San Jose Division.

## III. PARTIES

7.    Plaintiff BHS Law LLP is the owner of commercial property located at 2559 S. Bascom Avenue, Campbell, California.

8.    Defendant San Jose Water Company ("SJWC") is a privately owned, investor-owned public utility regulated by the California Public Utilities Commission and the State Water Resources Control Board.

9.    Defendant Michael Payne is an employee of SJWC who exercised authority delegated by the State in enforcing the Cross-Connection Control Program.

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

10.    Does 1–50 are unknown individuals or entities responsible for the actions alleged herein.

## IV. FACTUAL ALLEGATIONS

11.    On or about June 23, 2025, SJWC issued Plaintiff a notice demanding installation of a Reduced Pressure (RP) backflow prevention assembly.

12.    Initially, Plaintiff was skeptical of the notices citing Title 17, presuming it was a con job, as Title 17 had been repealed in 2024. Several weeks later when SJWC posted a door tag warning of immediate shut-off of the water, Plaintiff promptly retained a licensed contractor, who submitted a permit application to the City of Campbell for the required work.

13.    Plaintiff notified Defendant Payne of his ongoing compliance and requested an extension of the shutoff deadline.

14.    In response to communications initiated by Plaintiff on November 19, 2025, regarding a need for an enforcement freeze and extension, Defendant Payne referred Plaintiff to Theresa Arce, who was authorized to grant extensions.

15.    On Wednesday, November 19, 2025, at 2:55 PM, Theresa Arce explicitly granted a clear, express, and written two-week extension, which was valid through December 5, 2025. The extension was conditioned upon Plaintiff selecting a vendor, which was immediately satisfied.

16.    In reasonable and detrimental reliance on this explicit promise that no termination would occur before December 5, 2025, Plaintiff immediately approved the contractor's proposal, secured financing, and confirmed the work commencement with Defendant Payne, who responded with affirmation.

17.    Despite the two-week extension being valid through December 5, 2025, and in direct contradiction of Defendants' written assurance, San Jose Water Company, acting through unknown employees or agents (Does 1-50), terminated water service to Plaintiff's property sometime before the morning of Wednesday, December 3, 2025. This action occurred at least two full days prior to the agreed-upon deadline.

18.    The arbitrary and unilateral termination occurred without:

    a.    issuing a new or revised termination notice with a valid termination date;

    b.    providing any warning that the promised extension had been unilaterally revoked; or

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel:(408)628-4257: Fax:(408)628-4258

c.    providing any pre-deprivation opportunity to contest or appeal the decision to prematurely terminate service.

19.    Payne expressly granted the extension in writing, stating that water service would not be terminated while Plaintiff complied.

20.    Plaintiff reasonably relied on that representation.

21.    Despite the extension and without issuing a revised termination date, Defendants shut off water service to Plaintiff's property.

22.    Plaintiff had no opportunity to contest or appeal the termination because Defendants provided no revised notice.

23.    Water service is essential to the use and function of Plaintiff's property, and termination caused economic and property-related harm.

## V. STANDARDIZED REGULATORY MISREPRESENTATION

24.    SJWC uniformly cites California Code of Regulations Title 17 as the controlling legal authority for its Cross-Connection Control Program.

25.    Title 17 was repealed and replaced by the State Water Resources Control Board's Cross-Connection Control Policy Handbook, effective July 1, 2024.

26.    Despite this repeal, SJWC continues to issue:

a.    notices,

b.    compliance demands,

c.    hazard classification forms,

d.    termination warnings, and

e.    threat letters.

*All citing Title 17 as the governing law.*

27.    This standardized misrepresentation:

a.    misinforms customers of their rights;

b.    obscures actual regulatory procedures;

c.    prevents meaningful review or appeal; and

d.    constitutes coercion under the Tom Bane Act.

BHS LAW CORPORATION
2559 S. Bascom Ave.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)628-4258

28.     All Class members received notices containing this inaccurate and misleading legal basis.

## VI. CLASS ACTION ALLEGATIONS (Fed. R. Civ. P. 23)

29.     Plaintiff brings this action on behalf of the following Classes:

**Main Class**

30.     All San Jose Water Company customers whose water service was threatened with termination or terminated under SJWC's Cross-Connection Control Program during the applicable limitations period.

**Subclass 1 — Extension/Promise Reliance Subclass**

31.     All customers who were granted extensions or compliance accommodations but whose water service was nevertheless terminated or threatened.

**Subclass 2 — Standardized Regulatory Misrepresentation Subclass**

32.     All customers who received SJWC notices citing Title 17 as authority after its repeal.

**Subclass 3 — Commercial Properties Subclass**

33.     All non-residential customers required to install Reduced Pressure ("RP") assemblies under SJWC's Cross-Connection Control Program.

## VII. RULE 23(A) REQUIREMENTS

**A. Numerosity – Rule 23(a)(1)**

34.     Each Class consists of thousands of SJWC customers; joinder is impracticable.

**B. Commonality – Rule 23(a)(2)**

35.     Common questions of law and fact predominate, including:

  a.     Whether SJWC provides adequate notice before termination;

  b.     Whether SJWC misrepresents the governing legal authority;

  c.     Whether SJWC's enforcement violates due process;

  d.     Whether customers were coerced under the Bane Act;

  e.     Whether standardized notices violate state and federal law.

64.     Each of these questions can be answered with common evidence applicable to all Class members.

**C. Typicality – Rule 23(a)(3)**

BHS LAW CORPORATION
2559 S. Bascom Ave.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)628-4258

65.    Plaintiff's claims are typical because he received the same defective legal notices, was granted an extension, and was nevertheless terminated.

**D. Adequacy – Rule 23(a)(4)**

66.    Plaintiff will fairly and adequately protect the interests of the Classes.

67.    Plaintiff's interests align with the Class because Plaintiff seeks the same remedies for the same misconduct.

68.    Plaintiff has retained counsel experienced in complex consumer and commercial class action litigation.

**E. Predominance – Rule 23(b)(2) and (b)(3)**

69.    Certification under Rule 23(b)(2) is proper because SJWC acted on grounds applicable to all Class members, and injunctive relief is appropriate.

70.    Certification under Rule 23(b)(3) is proper because common questions predominate over individual issues, and a class action is superior to individual lawsuits.

**VIII. CAUSES OF ACTION**

**1ST COA**

**FIRST CAUSE OF ACTION**

42 U.S.C. § 1983 – Procedural Due Process

(Against All Defendants)

71.    Plaintiff incorporates all prior allegations.

72.    Water service is a protected property interest.

73.    Defendants terminated water service on or about December 3, 2025, in violation of Plaintiff's protected property interest and without providing the constitutionally required due process, specifically lacking:

    a.    Adequate or revised notice of termination;

    b.    Notice that the written extension valid through December 5, 2025, was being unilaterally revoked;

    c.    A meaningful pre-deprivation opportunity to contest or appeal the immediate shutoff decision.

BHS LAW CORPORATION
2559 S. Bascom Ave.
CAMPBELL, CA 95008
Tel: (408)628-4257: Fax: (408)628-4258

74. Defendants acted under color of state law.

75. The Class suffered constitutional injury.

## 2ND COA

## SECOND CAUSE OF ACTION

### 42 U.S.C. § 1983 – Substantive Due Process

(Against All Defendants)

76. Plaintiff incorporates all preceding paragraphs.

77. Defendants' conduct was arbitrary, capricious, conscience-shocking, and an abuse of state-delegated authority.

## 3RD COA

## THIRD CAUSE OF ACTION

### Tom Bane Act (Cal. Civ. Code § 52.1)

(Against All Defendants)

78. Plaintiff incorporates all preceding paragraphs.

79. Defendants interfered with Class members' rights through coercion, threats, intimidation, and the execution of shutoffs despite extensions and compliance.

## 4TH COA

## FOURTH CAUSE OF ACTION

### Negligence

(Against All Defendants)

80. Plaintiff incorporates all preceding paragraphs.

81. Defendants owed duties of reasonable care in administering terminations and issuing notices.

82. Defendants breached those duties to Plaintiff and the Classes.

## 5TH COA

## FIFTH CAUSE OF ACTION

### Negligent Misrepresentation

(Against All Defendants)

BHS LAW CORPORATION
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

83. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

84. Defendants falsely represented extension terms and legal authority.

85. The representation made by SJW agent Theresa Arce on November 19, 2025, granting an extension through December 5, 2025, was either false when made or made without reasonable grounds to believe it would be honored, as the service was terminated at least two days prior to the expiration of the written extension.

86. Plaintiff and Class members reasonably relied on those representations.

**6TH COA**

**SIXTH CAUSE OF ACTION**

Promissory Estoppel

(Against All Defendants)

87. Plaintiff incorporates all preceding paragraphs.

88. On November 19, 2025, Defendants made a clear and unambiguous promise in writing, extending the service termination deadline through December 5, 2025, thereby promising that service would not be terminated prior to that date while Plaintiff proceeded with compliance efforts.

89. Plaintiff and subclass members reasonably relied to their detriment.

**7TH COA**

**SEVENTH CAUSE OF ACTION**

Intentional Interference with Property Rights

(Against All Defendants)

90. Plaintiff incorporates all preceding paragraphs.

91. Defendants intentionally interfered with Plaintiff's and Class members' use and enjoyment of property.

**8TH COA**

**EIGHTH CAUSE OF ACTION**

Trespass to Property Interest

(Against All Defendants)

92. Plaintiff incorporates all preceding paragraphs.

BHS LAW CORPORATION
2559 S. Bascom Ave.
Campbell, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258

93.    Defendants unlawfully interfered with possessory interests by severing essential water service.

## IX. GOVERNMENT CLAMS ACT NOT APPLICABLE

94.    SJWC is not a public entity under Gov. Code § 811.2.

95.    §1983 claims are exempt from the Government Claims Act.

96.    Tom Bane Act claims are exempt.

97.    Plaintiff's state tort claims require no GCA notice because SJWC is private.

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class and Subclass, respectfully requests that the Court enter judgment in her favor and against Defendants, and award the following relief:

A.    Certification of the Class and Subclasses;

B.    Compensatory damages, not less than statutory minimum amount per offense;

C.    Civil penalties under Civil Code § 52;

D.    Attorney's fees under 42 U.S.C. § 1988 and Cal. Civ. Code § 52;

E.    Declaratory relief;

F.    Injunctive relief halting unlawful practices and restoring lawful procedures;

G.    Costs of suit;

H.    Any further relief the Court deems just.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

//

Dated: December 8, 2025

RESPECTFULLY SUBMITTED

BHS LAW CORPORATION

/s/ Brian H. Song

_____
Brian H. Song, Esq. (SBN 188662)
Attorney for Plaintiff BHS LAW LLP

BHS LAW CORPORATION
2559 S. BASCOM AVE.
CAMPBELL, CA 95008
Tel: (408)628-4257; Fax: (408)628-4258