UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BHS LAW LLP, | Case No. 25-cv-10541-NW |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** |
| SAN JOSE WATER COMPANY, et al., | Re: ECF No. 21 |
| Defendants. | |

On February 9, 2026, Plaintiff Bhs Law LLP ("Plaintiff" or "Bhs") filed a motion for a preliminary injunction. ECF No. 21.[1] Having considered the parties' briefs and the relevant legal authority, the Court concludes oral argument is not required, *see* N.D. Cal. Civ. L.R. 7-1(b), VACATES the hearing set for April 15, 2026, and DENIES the motion for a preliminary injunction.

## I.   BACKGROUND[2]

On December 9, 2026, Plaintiff sued Defendants San Jose Water Company ("San Jose Water") and Michael Payne (together, "Defendants") for various claims relating to San Jose Water's enforcement of its "Cross-Connection Control Program." *See* First Am. Compl. ("FAC"), ECF No. 2. Plaintiff alleges that Defendants improperly turned off the water to the building Plaintiff owns and that its sole managing partner uses as a law office.

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The factual background is drawn primarily from the first amended complaint, the preliminary injunction motion briefing, and the parties' supporting declarations.

Plaintiff claims the cessation of water to the building was the culmination of bad behavior from Defendants starting in June 2025. Around June 23, 2025, San Jose Water notified Plaintiff that it would need to install a reduced pressure backflow prevention assembly on its property. Plaintiff received another notice, weeks later, this time on the door of the building, warning about a water shut off for failure to comply with the installation. Plaintiff then retained a contractor to complete the installation and requested an extension of the water shut-off deadline in the interim.

The extension was granted, but nonetheless, the water was turned off on December 3, 2025, two days before the extended deadline. Plaintiff alleges that the "termination caused economic and property-related harm." FAC ¶ 23, ECF No. 2. In his declaration, Plaintiff's managing partner, Brian Song, claims that the water remained off at the building for ten days. Song Decl. ¶ 6, ECF No. 21-1.

After the water shut-off incident, Song states that on January 14, 2026, the required backflow device was installed on Plaintiff's property. Song understands that San Jose Water requires annual testing of the backflow device. Song believes this requirement obligates him "on a recurring yearly basis, to schedule inspections, pay testing and certification costs, and submit to compliance determinations by or on behalf of" San Jose Water. *Id*. ¶ 7. Therefore, according to Song, the first annual backflow testing cycle will occur on January 14, 2027 and Song "will be required to undergo at least one annual backflow testing cycle . . . before any court determination" of the merits of Plaintiff's case.[3] *Id.* at 10.

Plaintiff, therefore, states that it "seeks a narrowly tailored procedural preliminary injunction governing [San Jose Water's] future enforcement of backflow-related requirements." ECF No. 21 at 6. Defendants opposed Plaintiff's motion for a preliminary injunction,[4] and Plaintiff submitted a reply. ECF Nos. 24, 25.

---

[3] The Court notes that Song uses "me" and "my" to refer to both him and Plaintiff Bhs Law LLP. This is concerning as it is unclear whose rights—Song's or Plaintiff's—are allegedly redressed by the relief requested in the complaint.

[4] In their opposition, Defendants object on several grounds to Plaintiff's evidence offered in support of the motion. ECF No. 24 at 12-13. Because the Court denies Plaintiff's motion without reaching this evidence, Defendants' objections are DENIED as moot.

United States District Court
Northern District of California

## II.   LEGAL STANDARD

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, a movant must establish that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent an injunction, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *NetChoice, LLC v. Bonta*, 113 F.4th 1101, 1115 (9th Cir. 2024) (citing *Winter*, 555 U.S. at 20). The Ninth Circuit "employ[s] a 'sliding scale test,' which allows a strong showing on the balance of hardships to compensate for a lesser showing of likelihood of success." *Where Do We Go Berkeley v. California Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022) (citing *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134-35 (9th Cir. 2011)).

## III.   DISCUSSION

"It goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). As such, a preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

In federal courts, the basis for injunctive relief "has always been *irreparable injury* and the *inadequacy of legal remedies*." *Weinberger*, 456 U.S. at 312 (emphasis added). "Irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005). "Accordingly, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered." *Id.; see also Amylin Pharms., Inc. v. Eli Lilly & Co.*, 456 F. App'x 676, 679 (9th Cir. 2011) ("Because [plaintiff] has failed to carry its burden of showing a likelihood of irreparable harm, we need not address the remaining factors necessary for injunctive relief."). Because Plaintiff's failure to demonstrate irreparable harm is dispositive, the Court addresses this issue first.

To allege sufficient harm, the party seeking preliminary injunctive relief must demonstrate that irreparable injury is *likely*, not just possible, in the absence of an injunction. *Winter*, 555 U.S. at 22. A plaintiff must demonstrate "immediate threatened harm;" speculative injury is not

United States District Court
Northern District of California

irreparable harm. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988). "[E]stablishing a threat of irreparable harm in the indefinite future is not enough." *Amylin Pharms., Inc.*, 456 F. App'x at 679.

Additionally, to show irreparable harm, the moving party must demonstrate that "legal remedies, such as money damages, are inadequate." *Herb Reed Enters., LLC v. Fla. Ent. Mgmt., Inc.*, 736 F.3d 1239, 1250 (9th Cir. 2013). "Purely economic harms are generally not irreparable, as money lost may be recovered later, in the ordinary course of litigation." *Idaho v. Coeur d'Alene Tribe*, 794 F.3d 1039, 1046 (9th Cir. 2015).

Here, Plaintiff claims irreparable harm because "Plaintiff is subject to a mandatory, recurring enforcement regime that will require compliance before this Court can reach the merits." ECF No. 21 at 13. This is not compelling. Plaintiff cites no evidence that the Court cannot reach the merits of its case, for example, via an early summary judgment motion, before the next annual test on January 14, 2027, a date well over eight months away.

Plaintiff also fails to demonstrate that it lacks a legal remedy. For example, Plaintiff claims that its managing partner would need to "spend time to research and investigate" what Plaintiff would need to do to pass the annual test. Song Decl. ¶ 12. Yet Plaintiff fails to show why this lost time could not be remedied by money damages, or why Plaintiff would be legally entitled to compensation for its managing partner's lost time.

In sum, Plaintiff's allegations are insufficient to demonstrate imminent irreparable harm incapable of legal remedy. Accordingly, Plaintiff is not entitled to injunctive relief.

## IV. CONCLUSION

For the reasons above, Plaintiff's motion for a preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: April 3, 2026

_____
Noël Wise
United States District Judge

4