UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BHS LAW LLP,

               Plaintiff,

    v.

SAN JOSE WATER COMPANY, et al.,

               Defendants.

Case No. 25-cv-10541-NW

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS AND TO STRIKE**

Re: ECF No. 20

Plaintiff Bhs Law LLP ("Plaintiff" or "Bhs") brings this putative class action against Defendants San Jose Water Company ("San Jose Water") and Michael Payne (collectively, "Defendants"), alleging that Defendants improperly shut off the water to Plaintiff's commercial building. Defendants now move to dismiss Plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the FAC's class allegation. ECF No. 20 ("Mot."); *see* ECF No. 2 (FAC).[1] In the alternative, the Defendants seek a more definite statement.

The Court finds this matter suitable for disposition without oral argument and VACATES the May 27, 2026 hearing. Civ. L.R. 7-1(b). Having considered the parties' arguments and the relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART the motion.

I.      **BACKGROUND**

     A.      **Allegations of the FAC[2]**

Plaintiff is a law office that owns the commercial property located at 2559 South Bascom

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The factual background is drawn from Plaintiff's FAC.

Avenue in Campbell, California (the "Property"). San Jose Water is a "is a privately owned, investor-owned public utility regulated by the California Public Utilities Commission and the State Water Resources Control Board." FAC ¶ 8. Payne is a San Jose Water employee.

Around June 23, 2025, San Jose Water notified Plaintiff that Plaintiff would need to install a reduced pressure backflow prevention on the Property. Plaintiff was skeptical of the notice, as it cited California Code of Regulations Title 17. Because Title 17 had been repealed in 2024, Plaintiff believed the notice to be a "con job."

Several weeks later, San Jose Water posted a door tag warning of immediate water shut off. Plaintiff then retained a contractor who submitted a permit application for the required work. On November 19, 2025, Plaintiff requested an extension of the shut-off deadline. Payne referred Plaintiff to Theresa Arce, another San Jose Water employee, who was authorized to grant extensions.

On November 19, Arce granted Plaintiff a two-week extension that was valid through December 5, 2025, and conditioned on Plaintiff selecting a vendor, which Plaintiff did immediately. Despite this extension, San Jose Water cut off water service to the Property on December 3, 2025, without notice.

### B.    Procedural History

Plaintiff filed its complaint on December 9, 2025 and, that same day, filed the operative FAC. ECF Nos. 1, 2. On February 9, 2026, Plaintiff filed a motion for preliminary injunction seeking San Jose Water's future enforcement of backflow-related requirements. ECF No. 21. The Court denied that motion because Plaintiff failed to show that it would suffer irreparable harm absent an injunction, and that Plaintiff lacked a legal remedy. ECF No. 30.

## II.    DISCUSSION

The FAC asserts eight claims: (1) violation of procedural due process pursuant to 42 U.S.C. § 1983; (2) violation of substantive due process pursuant to § 1983; (3) violation of the Bane Act, Cal. Civ. Code § 52.1; (4) negligence; (5) negligent misrepresentation; (6) promissory

2

estoppel; (7) intentional interference with property rights; and (8) trespass to property interest.[3] FAC ¶¶ 71–93.

Plaintiff brings the claims on behalf of "[a]ll San Jose Water Company customers whose water service was threatened with termination or terminated under SJWC's Cross-Connection Control Program during the applicable limitations period." *Id.* ¶ 30. Plaintiff also proposes three subclasses: (1) an "Extension/Promise Reliance Subclass," defined as "[a]ll customers who were granted extensions or compliance accommodations but whose water service was nevertheless terminated or threatened"; (2) a "Standardized Regulatory Misrepresentation Subclass," defined as "[a]ll customers who received SJWC notices citing Title 17 as authority after its repeal"; and (3) a "Commercial Properties Subclass, defined as "All non-residential customers required to install Reduced Pressure ('RP') assemblies under SJWC's Cross-Connection Control Program." *Id.* ¶¶ 31–33.

Defendants move to dismiss the federal claims pursuant to Rule 12(b)(6). Defendants further argue that, because Plaintiff cannot state a federal claim, the state law claims are subject to dismissal for lack of subject matter jurisdiction. Defendants also move to strike Plaintiff's class allegations on grounds that there is no separation between the class representative and its counsel and because Plaintiff cannot satisfy the commonality and typicality requirements.

### A.      Motion to Dismiss

#### 1.      Legal Standard

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

---

[3] The FAC does not specify whether Defendants allegedly violated Plaintiff's due process rights under the Fifth or Fourteenth Amendment.

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

When analyzing a complaint under Rule 12(b)(6), the court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Id.* Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Id.*

### 2.     Extrinsic Allegations

Plaintiff's opposition spends two pages recounting the repeal of Title 17 of the California Code of Regulations and includes an appendix of "supplemental allegations demonstrating curability of a § 1983 state-action pleading" "to clarify and supplement the basis for [Plaintiff's] claims under 42 U.S.C. § 1983." ECF No. 22 ("Opp'n") at 8–9, 21–22.  None of this is included in the FAC.

To the extent the appendix is an attempt to amend the FAC, this is improper.  *Johnson v. Cnty. of Santa Clara*, No. 18-CV-06264-EJD, 2019 WL 1597488, at *3 (N.D. Cal. Apr. 15, 2019) ("A complaint may not be amended by briefs in opposition to a motion to dismiss.") (citation modified).  Moreover, on a Rule 12(b)(6) motion, the Court generally may not consider evidence outside the pleadings.  *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) ("When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment . . .").  The Court declines to convert the motion to one for summary judgment, and therefore declines to consider the history of Title 17 and the appendix in its analysis.  *See Jones v. L.A. Cent. Plaza LLC*, 74 F.4th 1053, 1059 (9th Cir. 2023) ("[W]hen presented with 'matters outside the pleadings in connection with a motion to dismiss for failure to state a claim under Rule 12(b)(6) . . . , the district court may choose to exclude such extrinsic matters and address the motion under the applicable Rule 12 standards, or it may convert the motion into 'one for summary judgment under Rule 56.'"  (quoting Fed. R. Civ. P. 12(d)).

United States District Court
Northern District of California

4

### 3.    Section 1983 Claims

Defendants argue the § 1983 claims should be dismissed without leave to amend because the FAC lacks allegations showing that Defendants are state actors.  Mot. at 9–11.  Plaintiff contends that Defendants are state actors because San Jose Water "is a regulated public water system, . . . Payne exercised authority delegated by the State, and . . . Defendants terminated water service pursuant to asserted regulatory authority affecting protected property interests."  Opp'n at 11 (citing FAC ¶¶ 8–9, 71–77).

To prevail on a § 1983 claim, a plaintiff "must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."  *Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).  "Section 1983 does not confer rights, but instead allows individuals to enforce rights contained in the United States Constitution and defined by federal law."  *Vinson v. Thomas*, 288 F.3d 1145, 1155 (9th Cir. 2002).

"Section 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"  *Heineke*, 965 F.3d at 1012 (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999)).  To that end, private parties are generally not state actors.  *See O'Handley v. Weber*, 62 F.4th 1145, 1155 (9th Cir. 2023) (only in "exceptional cases" is a "private entity . . . treated as a state actor for constitutional purposes").  But "a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'"  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

To determine state action, courts "first ask whether the alleged constitutional violation was caused by the 'exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible.'"  *O'Handley*, 62 F.4th at 1156 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)).

If this prong is satisfied, courts "then ask whether 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'"  *Id.* (quoting *Lugar*, 457 U.S. at 937; brackets in the original).  A private party is a state actor if it satisfies one of four tests: "(1) the

United States District Court
Northern District of California

public function test, (2) the state compulsion test, (3) the nexus test, and (4) the joint action test." *O'Handley*, 62 F.4th at 1157 (citing *Lugar*, 457 U.S. at 939).  "The satisfaction of any one test is sufficient to find state action, but at bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (citation modified).  Whether a party is a state actor is "a fact-intensive inquiry." *Lindke v. Freed*, 601 U.S. 187, 197 (2024).

"The determination of whether a nominally private person or corporation acts under color of state law is a matter of normative judgment, and the criteria lack rigid simplicity." *Pasadena Republican Club*, 985 F.3d at 1167 (citation modified).  Indeed, "the first step may be unnecessary in certain contexts." *O'Handley*, 62 F.4th at 1157.

Plaintiff argues Defendants are state actors under the public function and nexus tests. Opp'n at 10–12.  The Court disagrees and, for the reasons set forth below, DISMISSES the § 1983 claims WITH LEAVE TO AMEND to allow Plaintiff an opportunity to allege new facts that Defendants should be treated as state actors.

### a. Public Function Test

"'The public function test is satisfied only on a showing that the function at issue is both traditionally and exclusively governmental.'" *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 748 (9th Cir. 2020) (quoting *Kirtley*, 326 F.3d at 1093; additional citation and internal quotation marks omitted).  In other words, "when private individuals or groups are endowed by the State with powers or functions governmental in nature, they become agencies or instrumentalities of the State and subject to its constitutional limitations." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1124 (9th Cir. 2022) (citing *Kirtley*, 326 F.3d at 1093).

The FAC lacks sufficient allegations showing that Defendants are state actors under the public function test.  At most, Plaintiff alleges that "[w]ater service is a protected property interest" (FAC ¶ 72), but that does not mean that providing water is "traditionally and exclusively" a governmental function.

Plaintiff argues that "California law requires public water systems to implement cross-

connection control programs pursuant to statutory mandate." Opp'n at 12. Thus, "[w]hen [San Jose Water] enforces those mandates through service termination, it performs a function structured by state law"— not via "private contract, but as a delegated duty under the California Health & Safety Code." *Id.* This argument holds little water. The fact that a private company abides by state regulations does not, in and of itself, turn that company into a state actor. Similarly, Plaintiff fails to explain how following state laws and regulations amounts to a delegation of government responsibility.

Accordingly, the FAC fails to allege that Defendants are state actors under the public function test.

### b.    Nexus Test

"Arguably the most vague of the four approaches, the nexus test asks whether 'there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself.'" *Kirtley*, 326 F.3d at 1094–95) (quoting *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

"There are two different versions of the nexus test." *O'Handley*, 62 F.4th at 1157. "The first (and less common) formulation asks whether there is 'pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings." *Id.* (quoting *Brentwood Academy*, 531 U.S. at 298; brackets in the original). This requires the Court to consider "whether the private organization relies on public funding, whether it is composed mainly of public officials, and whether those public officials 'dominate decision making of the organization.'" *Id.* (quoting *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 955 (9th Cir. 2008) (en banc)). The FAC lacks any such allegations.

The nexus test may also be satisfied if "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *O'Handley*, 62 F.4th at 1157 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); brackets in the original). This occurs, for example, "when government officials threaten adverse action to coerce a private party into performing a particular act." *Id.* Plaintiff has failed to allege that any government official made any threats or otherwise

7

exercised coercive power to give rise to the plausible inference that Defendants are state actors under the second iteration of the nexus test.

Plaintiff argues that the nexus test is satisfied because, "[u]nlike a routine shutoff for non-payment, Defendants invoked specific state regulatory authority (Title 17 (repealed since 2014)) to demand property modifications and used the 'power of the tap' to compel compliance with state law." Opp'n at 12.  But Plaintiff fails to cite any authority for the proposition that merely citing a state regulation or statute is sufficient to turn a private entity into a state actor under either of the nexus tests.

### 4.      State Law Claims

Defendants contend that the dismissal of the § 1983 claims leaves the Court without subject matter jurisdiction over the remaining state law claims and urge the Court not to exercise supplemental jurisdiction over them.  Mot. at 13–14.  Except for the Bane Act claim, *see infra*, Defendants do not otherwise argue that the state law claims are subject to dismissal under Rule 12(b)(6).  Because Plaintiff may amend its § 1983 claims, it is premature for the Court to determine whether it has jurisdiction over the state law claims.

### 5.      Bane Act Claim

Defendants move to dismiss the Bane Act claim on grounds that there are no allegations that Defendants engaged in any threats, intimidation, or coercion, and because Plaintiff is not an "individual" within the meaning of the statute.  Mot. at 11–13.

The Bane Civil Rights Act provides a private right of action for damages against any person who attempts or does interfere "by threat, intimidation, or coercion, with the exercise or enjoyment by any individual . . . rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]."  Cal. Civ. Code § 52.1(b).  "The essence of a Bane Act claim is that the defendant, by the specified improper means (e.g., threats, intimidation, or coercion), tried to or did prevent a plaintiff from doing something he . . . had the right to do under the law."  *Shoyoye v. Cnty. of Los Angeles*, 203 Cal. App. 4th 947, 956 (2012) (citation modified).  "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged."

United States District Court
Northern District of California

8

*Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (citing *Cornell v. City & Cnty. of San Francisco*, 17 Cal. App. 5th 766, 799 (2017), *as modified* (Nov. 17, 2017)).

"The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right." *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) (quoting *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018)).

The FAC fails to state a Bane Act claim. First, "[t]he California Supreme Court has held that a plaintiff cannot sue under the Bane Act when a private party directly violates a constitutional provision that applies only to state actors." *Hay v. The Univ. of S. California*, No. CV 22-5199 DSF (GJSX), 2022 WL 23031480, at *3 (C.D. Cal. Oct. 17, 2022) (citing *Jones v. Kmart Corp.*, 17 Cal. 4th 329, 334 (1998)). The FAC identifies only two rights that Defendants allegedly violated, substantive and procedural due process, both of which apply only to state actors. As explained above, there are no allegations that Defendants are state actors.

Second, Plaintiff alleges that "Defendants interfered with Class members' rights through coercion, threats, intimidation, and the execution of shutoffs despite extensions and compliance." FAC ¶ 79. But there are no allegations that Defendants had a specific intent to violate Plaintiff's constitutional rights. For this reason too, Plaintiff's claim fails.

Accordingly, the Court DISMISSES the Bane Act claim. Because it is unclear whether Plaintiff can allege plausible facts to cure the claim, the dismissal is WITH LEAVE TO AMEND.

### B.    Motion to Strike

Defendants move to strike the class allegations because the putative class cannot satisfy Rule 23(a)'s adequacy, commonality, and typicality requirements. Mot. at 15–17; *see* Fed. R. Civ. P. 23(a)(2), (3), (4).

#### 1.    Legal Standard

Under Federal Rule of Civil Procedure 12(f), a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) "motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to

United States District Court
Northern District of California

9

trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

### 2.    Analysis

As a preliminary matter, Rule 12(f) is not an appropriate procedural mechanism here. Defendants' request—to strike class allegations for failure to satisfy Rule 23's requirements—does not fall into the category of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Moreover, Defendants' motion to strike is premature. "A decision to grant a motion to strike class allegations . . . is the functional equivalent of denying a motion to certify a case as a class action[.]" *Bates v. Bankers Life & Cas. Co.*, 848 F.3d 1236, 1238 (9th Cir. 2017) (citation modified). While courts must determine whether to certify a class "[a]t an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), "in general, class allegations are not tested at the pleading stage and are instead scrutinized after a party has filed a motion for class certification," *Yastrab v. Apple Inc.*, No. 14-CV-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015); *see Kochlani v. Gen. Motors LLC*, No. CV 20-7894 PSG (JPRx), 2021 WL 8531593, at *6 (C.D. Cal. Sept. 13, 2021) ("Striking class allegations prior to a formal certification motion is generally disfavored because the factual record is usually undeveloped.") (citations omitted).

The Court thus DENIES Defendants' motion to strike the class allegations WITHOUT PREJUDICE. If the factual record, once fully developed, supports Defendants refiling a motion to strike class allegations, Defendants may do so.

### C.    Motion for More Definite Statement

Because the Court dismisses the FAC as set forth above, Defendants' request for a more definite statement is DENIED AS MOOT. *See* Fed. R. Civ. P. 12(e) ("A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."); *Mou v. SSC San Jose Operating Co. LP*, 415 F. Supp. 3d 918, 924 (N.D. Cal. 2019) ("The decision to grant a motion under Rule 12(e) is within the discretion of the trial court.") (citation omitted).

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART AND DENIES IN PART

United States District Court
Northern District of California

10

Defendants' motion as follows:

1.    Plaintiff's § 1983 and Bane Act claims are DISMISSED WITH LEAVE TO AMEND.

2.    Defendants' motion to dismiss the state law claims is otherwise DENIED WITHOUT PREJUDICE.

3.    Defendants' motion to strike the class allegations is DENIED WITHOUT PREJUDICE.

4.    Defendants' motion for a more definite statement is DENIED AS MOOT.

Plaintiff's second amended complaint, should it choose to file one, is due by **June 12, 2026**. Defendants' response shall be due **June 26, 2026**.

**IT IS SO ORDERED.**

Dated: May 23, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

11