United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BHS LAW LLP,
Plaintiff,
v.
SAN JOSE WATER COMPANY, et al.,
Defendants.

Case No. 25-cv-10541-NW

**ORDER GRANTING MOTION TO DISMISS**

Re: ECF No. 34

Plaintiff Bhs Law LLP ("Plaintiff" or "Bhs") brings this putative class action against Defendants San Jose Water Company ("San Jose Water") and Michael Payne (collectively, "Defendants"), alleging that Defendants improperly shut off the water to Plaintiff's commercial building. ECF No. 32. Defendants now move to dismiss Plaintiff's second amended complaint ("SAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 34.[1] The motion is fully briefed. ECF Nos. 37, 39.

The Court finds the motion suitable for disposition without oral argument and VACATES the October 14, 2026 hearing. Civ. L.R. 7-1(b). For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss.

## I. BACKGROUND[2]

The factual background in this case was detailed in the Court's April 3, 2026 Order denying Plaintiff's motion for a preliminary injunction and the Court's May 23, 2026 Order

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] The factual background is drawn from the SAC. ECF No. 32.

United States District Court
Northern District of California

granting in part and denying in part Defendants' motion to dismiss Plaintiff's first amended complaint. ECF Nos. 30, 31. The facts and procedural history relevant to the current motion are stated below.

Plaintiff is a law office that owns commercial property located at 2559 South Bascom Avenue in Campbell, California (the "Property"). San Jose Water is "an investor-owned public utility regulated by the California Public Utilities Commission ("CPUC") and the State Water Resources Control Board ("SWRCB")." SAC ¶ 7. Payne is a San Jose Water employee.

Around June 23, 2025, San Jose Water notified Plaintiff that Plaintiff would need to install a reduced pressure backflow prevention mechanism on the Property. Plaintiff was skeptical of the notice, as it cited California Code of Regulations Title 17 "and did not attach, identify, or summarize any documented hazard assessment, written high-hazard finding" or other basis for requiring installation of a reduced pressure backflow prevention mechanism. *Id.* ¶ 18.

Several weeks later, San Jose Water posted a door tag warning of immediate water shut off. Plaintiff then retained a contractor who submitted a permit application for the required work. On November 19, 2025, Plaintiff requested an extension of the shut-off deadline. Payne referred Plaintiff to Theresa Arce, another San Jose Water employee, who was authorized to grant extensions.

On November 19, Arce granted Plaintiff a two-week extension that was valid through December 5, 2025, and conditioned on Plaintiff selecting a vendor, which Plaintiff did immediately. Despite this extension, San Jose Water cut off water service to the Property "no later than December 4, 2025—prior to the agreed-upon deadline." *Id.* ¶ 23.

Plaintiff filed its complaint on December 9, 2025 and, that same day, filed the operative FAC. ECF Nos. 1, 2. On February 9, 2026, Plaintiff filed a motion for preliminary injunction seeking to enjoin San Jose Water's future enforcement of backflow-related requirements. ECF No. 21. The Court denied that motion because Plaintiff failed to show that it would suffer irreparable harm absent an injunction, and that Plaintiff lacked a legal remedy. ECF No. 30.

Defendants moved to dismiss Plaintiff's FAC. ECF No. 20. The Court granted the motion in part, dismissing Plaintiff's Section 1983 and Bane Act claims with leave to amend. ECF No.

31. The Court denied Defendant's motion to dismiss Plaintiff's state law claims, request for a more definitive statement, and motion to strike the class allegations. *Id*.

Plaintiff filed its SAC on June 8, 2026. ECF No. 32. Plaintiff asserts seven claims: (1) violation of procedural due process pursuant to 42 U.S.C. § 1983; (2) violation of substantive due process pursuant to § 1983; (3) violation of the Bane Act, Cal. Civ. Code § 52.1; (4) negligence; (5) negligent misrepresentation; (6) promissory estoppel; and (7) trespass to property interest. *Id*.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) is designed to "test[ ] the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory, or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

When analyzing a complaint under Rule 12(b)(6), the court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the nonmoving party. *Id.* Legal conclusions couched as factual allegations are not entitled to the assumption of truth. *Id.*

## III. DISCUSSION

In the Court's May 23, 2026 Order granting in part Defendants' motion to dismiss the FAC, the Court held that Plaintiff had not adequately alleged that Defendants are state actors in support of its Section 1983 claims. ECF No. 31 at 6-8. For Plaintiff's Bane Act claim, the Court likewise found that Plaintiff failed to show that Defendants are state actors. *Id*. at 9.

Defendants now contend that Plaintiff failed to cure in its SAC the deficiencies the Court identified with the FAC. The Court agrees. Plaintiff has not amended its complaint to establish

state action, a foundational element of both its Section 1983 claims and Bane Act claims. *See Heineke v. Santa Clara Univ.*, 965 F.3d 1009, 1012 (9th Cir. 2020) ("Section 1983 'excludes from its reach merely private conduct, no matter how discriminatory or wrong.'"); *Hughes v. Rodriguez*, 31 F.4th 1211, 1224 (9th Cir. 2022) ("The elements of a Bane Act claim are essentially identical to the elements of a § 1983 claim, with the added requirement that the government official had a 'specific intent to violate' a constitutional right.").

Plaintiff acknowledges that San Jose Water is an "investor-owned public utility," SAC ¶ 7, but argues that Defendants are nevertheless state actors. ECF No. 37 at 15. Private parties are generally not state actors. *O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (only in "exceptional cases" is a "private entity . . . treated as a state actor for constitutional purposes"). But "a § 1983 action can lie against a private party when 'he is a willful participant in joint action with the State or its agents.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).

Courts look to one of four tests to determine if a private party is acting as a state actor: "(1) the public function test, (2) the state compulsion test, (3) the nexus test, and (4) the joint action test." *O'Handley*, 62 F.4th at 1157 (citing *Lugar*, 457 U.S. at 939). "The satisfaction of any one test is sufficient to find state action, but at bottom, the inquiry is always whether the defendant has exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Pasadena Republican Club v. W. Just. Ctr.*, 985 F.3d 1161, 1167 (9th Cir. 2021) (citation modified). Whether a party is a state actor is "a fact-intensive inquiry." *Lindke v. Freed*, 601 U.S. 187, 197 (2024).

Plaintiff contends that Defendants are state actors under the public function and nexus tests. ECF No. 37 at 15. Yet, Plaintiff fails to allege sufficient allegations to show that Defendants meet the criteria for either test. For the public function test, Plaintiff has not shown how Defendants were "endowed by the State with powers or functions governmental in nature, [such that they] bec[a]me agencies or instrumentalities of the State and subject to its constitutional limitations." *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1124 (9th Cir. 2022) (citing *Kirtley*, 326 F.3d at 1093). At best, Plaintiff has alleged that Defendants' "enforcement

against Plaintiff and the Class was undertaken pursuant to [the] state created regulatory framework." SAC ¶ 10. But the fact that a private company abides by state regulations does not, in and of itself, turn that company into a state actor. *Single Moms, Inc. v. Mont. Power Co.*, 331 F.3d 743, 748 (9th Cir. 2003) ("That a private entity is regulated by government does not transform that private entity's conduct into state action."); *Reinbold v. Alaska Airlines, Inc.*, No. 25-901, 2026 WL 1416375, at *1 (9th Cir. May 20, 2026) (affirming that an airline and its employees did not "become state actors simply by virtue of enforcing government regulations"). Similarly, Plaintiff fails to explain how following state laws and regulations amounts to an endowment by the State of "powers or functions" and governmental authority. *Wright*, 48 F.4th at 1124.

For the nexus test, Plaintiff has not shown that "there is a such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Kirtley*, 326 F.3d at 1094–95. Plaintiff focuses on the fact that the nexus test may be satisfied if "government officials have 'exercised coercive power or have provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *O'Handley*, 62 F.4th at 1157 (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)). This occurs, for example, "when government officials threaten adverse action to coerce a private party into performing a particular act." *Id.* Plaintiff argues that San Jose Water is subject to adverse state action in the form of fines or penalties if it does not comply with the state-mandated reduced pressure backflow prevention program. ECF No. 37 at 15; SAC ¶¶ 10-12. Aside from "adverse state action" in the form of potential fines, Plaintiff has failed to allege that any government official made any threats or otherwise exercised coercive power to give rise to the plausible inference that Defendants are state actors. *See* SAC ¶¶ 10-16. Nor does Plaintiff allege, or provide any authority to support, that following a state regulation or statute is sufficient to turn a private entity into a state actor. This is inadequate under the nexus test.

Because Plaintiff has not sufficiently alleged that Defendants are state actors, the Court grants Defendants' motion to dismiss Plaintiff's Section 1983 claims. For the same reason and given the additional element of intent required to state a Bane Act claim, which Plaintiff has not

adequately pled here, Plaintiff's Bane Act claim fails. *Hughes*, 31 F.4th 1211, 1224 (9th Cir. 2022) (elements of a Bane Act claim "are essentially identical to the elements of a § 1983 claim" with the additional "requirement that the government official had a 'specific intent to violate' a constitutional right.").

The Court previously granted Plaintiff an opportunity to amend its complaint. Because Plaintiff was unable to correct the deficiencies, Plaintiff's claims are now dismissed without leave to amend. *Dubinina v. Heinsohn*, No. 25-CV-10542-JST, 2026 WL 1759401, at *3 (N.D. Cal. June 18, 2026) (dismissing with prejudice because it was clear that the Section 1983 claims could not be saved with amendment).

With Plaintiff's federal claims dismissed, the Court, in its discretion, declines to assert supplemental jurisdiction over Plaintiff's remaining state law claims. "A district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting 28 U.S.C. § 1367(c)(3)). Because Plaintiff's federal claims have been dismissed at an early stage in this litigation, the Court declines to exercise supplemental jurisdiction. Those claims are dismissed without prejudice for Plaintiff to refile, if it so chooses, in state court. [3]

## IV. CONCLUSION

Defendants' motion to dismiss is granted with prejudice as to Plaintiff's Section 1983 and Bane Act Claims. Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over Plaintiff's state claims, which are accordingly dismissed without

---

[3] Plaintiff filed a motion for sanctions along with its opposition to the motion to dismiss. ECF No. 36. Plaintiff asserts that "Defendants' renewed motion [to dismiss] does not fairly test the SAC. It deceivingly tells the Court that the SAC adds no facts and fails to cure anything while omitting the very paragraphs Plaintiff added in response to the Court's May 23, 2026 order." *Id*. at 6. Plaintiff is mistaken. Defendants are permitted under the Federal Rules to respond to Plaintiff's complaint and to make any arguments within the boundaries of rules of professional responsibility. Fed. R. Civ. Pro. 12(b). Defendants did so and succeeded in their motion. Plaintiff, itself a law firm, is reminded that filing for sanctions against opposing counsel for an improper purpose is itself sanctionable, and the court may take any appropriate measures to address violations of the rules. *See* Civil Local Rule 1-4. Given that Plaintiff's federal claims are dismissed and the Court does not exercise supplemental jurisdiction over Plaintiff's remaining claims, Plaintiff's motion for sanctions is terminated as moot.

prejudice.

Plaintiff's motion for sanctions terminated as moot.

The Clerk of Court shall enter judgment and close this case.

**IT IS SO ORDERED.**

Dated: October 12, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California